UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

          Plaintiff,

v.                                  Case No. 25-cv-112-pp

MATTHEW SCULLION, *et al.*,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR EMERGENCY HEARING (DKT. NO. 13)**

On July 10, 2025, the court screened plaintiff Jeff Poff's amended complaint and allowed him to proceed against officials at Waupun Correctional Institution on claims under the First and Eighth Amendments. Dkt. No. 11. On July 28, 2025, the court received the plaintiff's motion for reconsideration and for an emergency hearing. Dkt. No. 13.

The plaintiff asks the court to reconsider its decision denying his request for injunctive relief ordering Dr. Carrie Kramer to remove the hernia mesh that she implanted in March 2023. Id. at ¶B. The plaintiff reiterates that the mesh Kramer implanted is on the FDA's "recall list" and is causing him constant pain. Id. He cites an attached exhibit from an ultrasound he underwent on June 24, 2025, which showed a mass in the plaintiff's right groin area that "could be lymph nodes." Id.; Dkt. No. 13-1. He alleges that Waupun staff continue to deny him proper medical treatment, and he asserts that seven other incarcerated persons "have died since his arrival" at Waupun in June

2023. Dkt. No. 13 at ¶B. He seeks "an emergency hearing for imidiate injuctive [*sic*] relief against Dr. Kramer" and an order requiring Waupun staff to take him "to a hospital for catscan [*sic*] or MRI to determine what exactly are those 2 new pellet size lumps." Id. (underlining omitted). The plaintiff asserts that he is entitled to injunctive relief because Kramer implanted "a defective device inside [him] that could very well be fallen [*sic*] apart inside of him, and can cause him permanent neurogical [*sic*] damage, but also death." Id. at ¶C (underlining omitted). He mentions that he has lawsuits pending against other Waupun officials, and he reiterates that other Waupun staff are facing criminal charges for inadequate treatment of other incarcerated persons. Id.

The plaintiff has not cited a rule authorizing his motion for reconsideration. Because the court has not entered final judgment, the court will construe the motion as if the plaintiff had brought it under Federal Rule of Civil Procedure 54(b). That rule states, in part,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that wasn't available before the court ruled. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). Motions for reconsideration are not a mechanism for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is

not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not asserted that the court made a manifest error of law or fact in the screening order. The court explained in that order that the plaintiff could not seek injunctive relief in this lawsuit because "the plaintiff has sued the defendants in their individual capacities only, and 'section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity.'" Dkt. No. 11 at 15–16 (quoting Greenawalt v. Ind. Dep't of Corr., 397 F.3d 587, 589 (7th Cir. 2005); and citing Luder v. Endicott, 253 F.3d 1020, 1024–25 (7th Cir. 2001)). The plaintiff's motion to reconsider says nothing about this conclusion and does not explain why he believes it was incorrect. His disagreement with the court's decision may be the basis for a future appeal, but it is not a sufficient basis for a motion for reconsideration under Rule 54(b). See Burney v. Thorn Americas, Inc., 970 F. Supp. 668, 671 (E.D. Wis. 1997) (citing Caisse Nationale, 90 F.3d at 1270) ("Appeal, not reconsideration, is the time to deal with the majority of legal errors[.]").

The plaintiff has provided the court with new evidence in the form of a report from an ultrasound that he underwent in June 2025. But this testing occurred about two weeks *before* the court issued the July 10, 2025 screening order, and the plaintiff has not explained why he could not have introduced it

before the court issued the screening order. Even if he had, at most this report is evidence that he can use to support his claims against Dr. Kramer going forward. It does not change the court's conclusion that he cannot seek injunctive relief against the defendants in their individual capacities.

Alternatively the plaintiff seeks an emergency hearing on his request for injunctive relief. Even if the plaintiff were permitted to seek a preliminary injunction in this lawsuit—and he is not for the reasons that the court explained in the screening order and reiterated above—the court will not hold a hearing on his request for a preliminary injunction because he has not met the criteria for one. To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not a mechanism to guard against the "mere possibility of irreparable injury." Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)).

The plaintiff has not satisfied the criteria for preliminary injunctive relief. The plaintiff has not explained why he believes his case is likely to succeed on the merits. In support of his request for a hearing, he reiterates the allegations from his amended complaint. But the plaintiff must show more than "a mere possibility of success" to demonstrate his entitlement to a preliminary injunction. Ill. Republican Party v. Pritzker, 973 F.3d 760, 762 (7th Cir. 2020). To obtain a preliminary injunction, he must make a "'strong' showing" that he

is likely to succeed, which "normally includes a demonstration of how the applicant proposes to prove the key elements of its case." Id. at 763. The plaintiff has not satisfied this standard and has not demonstrated how or why he will succeed in this case. That alone is a sufficient ground to deny his request for preliminary injunctive relief. See Cassell v. Snyders, 990 F.3d 539, 544–45 (7th Cir. 2021) (citing Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008), abrogated in part on other grounds by Pritzker, 973 F.3d at 762–63).

The plaintiff also has not demonstrated that he will suffer irreparable injury without injunctive relief. The plaintiff asserts that the mass in his right groin "*could be* lymph nodes" (emphasis added), that his hernia mesh *could be* falling apart and that it is *possible* he is at risk of permanent damage or death. He says that because *other* Waupun staff mistreated *other* incarcerated persons in the past, he too will be mistreated by the defendants and will face serious harm. These speculative concerns about possible future harm are insufficient to entitle him to injunctive relief. See Winter, 555 U.S. at 22 (reaffirming that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

The plaintiff has not shown that the court committed a manifest error of law or fact in the screening order, nor has he satisfied his burden to show extraordinary circumstances entitling him to preliminary injunctive relief. The court will deny his motion to reconsider the screening order and his request for an emergency hearing on his request for immediate injunctive relief.

The court **DENIES** the plaintiff's motion for reconsideration and request for an emergency hearing. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 26th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**